ORIGINAL

FILED
U.S. DISTRICT COURT
2009 SEP 21 PM 3:21
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ERROL GEORGE BRYAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-035 |
| ) | |
| STACEY N. STONE, Assistant Warden, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Federal Correctional Institution in Atlanta, Georgia,[1] commenced the above-captioned case pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). As Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

---

[1]The events giving rise to Plaintiff's complaint occurred at McRae Correctional Facility in McRae, Georgia.

## I. BACKGROUND

Upon review of Plaintiff's complaint, the Court finds the following. Plaintiff names the following individuals as Defendants: (1) Stacey N. Stone, Assistant Warden at McRae Correctional Facility ("MCF"); (2) Lieutenant Robert Johnson; (3) Darryl Goodner, Disciplinary Hearing Officer; (4) Tim Wheaton, Special Investigating Officer; (5) Bobbie Thompson, Unit Manager; (6) Lynetta Harris, Case Manager; and (7) J. Spires, Correctional Officer. In his complaint, Plaintiff alleges that "on or about" April 29, 2008, Defendant Johnson conducted a search of his cell. (Doc. no. 7, p. 5). Defendant Johnson then filed an incident report stating that he had found a cell phone with an earpiece and a homemade charger inside a "Dixie Crystals sugar cube box that appeared to have been opened and resealed." (Id. at 5, 9). This incident report also stated that Defendant Spires, who searched Plaintiff's cell with Defendant Johnson, found a second box containing the same contraband that also appeared to have been resealed. (Id.).[2]

Defendant Wheaton also filed two incident reports regarding the search of Plaintiff's cell on April 28th, the first of which stated that two cell phones with earpieces, two chargers, and five packs of cigarettes were found inside two altered Dixie Crystal boxes and that Plaintiff "admitted to having possessed the herein contraband." (Id. at 5, 10). The second report also describes the April 28th search but states that the packs of cigarettes were discovered inside a box of crackers, instead of inside Dixie Crystal boxes. (Id. at 11, 12). Based on the discrepancies between these reports, Plaintiff argues that Defendants Johnson

---

[2]Plaintiff has attached to his complaint a copy of this incident report, as well as Defendant Wheaton's incident reports described below. (See doc. no. 7, pp. 9-12).

2

and Spires conspired to fabricate the first disciplinary report and that Defendant Wheaton's disciplinary reports were fabricated as well. (Id. at 5).

According to documents filed with the complaint, the Unit Discipline Committee ("UDC") delayed a hearing on the charges because of an "ongoing . . . investigation" and so that the officers could make "the required corrections" to the original incident report. (Id. at 13, 18). A disciplinary hearing was held on these charges on June 26, 2008, and Plaintiff was found guilty of possessing the above described contraband, which resulted in a loss of 40 days of good conduct time. (Id. at 20-23).[3] A review of the grievance Plaintiff filed and has attached to his complaint reveals that Plaintiff believes he was "denied and deprived . . . Due Process of Law" because the hearing was held more than three (3) days after delivery of the charges and because the delay was not authorized by the warden. (Id. at 5, 14). According to Plaintiff, Defendant Stone "maliciously" interfered with the hearing, instructing Defendant Goodner, the officer conducting the hearing, as to what evidence should be considered during the hearing and what Plaintiff's punishment should be. (Id. at 5). Plaintiff goes on to allege that Defendants Thompson and Harris also participated in the disciplinary hearing despite their alleged knowledge that Plaintiff's rights were being violated. (Id.). As relief, Plaintiff requests monetary damages ranging from $50,000 to $500,000 from each Defendant, as well as attorney's fees. (Id. at 7). He also requests that any "good time disallowance" be restored. (Id.).

---

[3]The Disciplinary Hearing Officer Report also states that Plaintiff was placed in disciplinary segregation for 60 days and lost his visitation and commissary privileges for 180 days as punishment. (Doc. no. 7, p. 22).

3

## II. DISCUSSION

A. **Due Process Claims**

Plaintiff contends that his due process rights were violated when Defendants issued allegedly fabricated disciplinary reports against him, impermissibly delayed and interfered with his disciplinary hearing, and punished him on the basis of these fabricated reports. As noted above, attachments to Plaintiff's complaint demonstrate that he lost 40 days of good conduct time upon being found guilty of possessing contraband. The Supreme Court has held that prisoners may not be deprived of statutory "good-time credits" without due process. Wolff v. McDonnell, 418 U.S. 539, 558 (1974). Thus, Plaintiff was entitled to due process before being deprived of his good conduct time.

That said, Plaintiff's allegations do not establish that his due process rights were violated. The Eleventh Circuit has summarized the "minimum requirements of due process for prisoners facing disciplinary action" as follows: "(1) advance, written notice of the charges; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence . . . ." Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999) (citing Young v. Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994)). Here, Plaintiff has not alleged that he was deprived of due process based on any of these reasons. Rather, he contends that his due process rights were violated when various Defendants allegedly fabricated disciplinary reports, impermissibly delayed and interfered with a hearing on the charges, and punished him based on the fabricated reports. Moreover, the attachments to Plaintiff's complaint reveal that the requirements of due process were satisfied. Indeed, a review of the disciplinary reports demonstrates that Plaintiff received a written copy of the

4

charges prior to the hearing on June 26, 2008. (Doc. no. 7, pp. 9-12). In addition, the Disciplinary Hearing Officer Report attached to Plaintiff's complaint contains the written statement of the reasons for the disciplinary action taken and reveals that Plaintiff declined the opportunity to present any evidence or call any witnesses in his defense. (Id. at 20-23). Accordingly, construing Plaintiff's complaint liberally, the Court finds that his allegations fail to establish any due process claims.

**B.     Conspiracy Claim**

To the extent Plaintiff contends that Defendants Johnson and Spires conspired to fabricate disciplinary reports, the Court notes that in order to prove a conspiracy, a plaintiff must (1) prove the parties had a "meeting of the minds" or reached an understanding to violate the plaintiff's rights and (2) prove an actionable wrong to support the conspiracy. See Bailey v. Board of County Comm'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992) (citation omitted).[4] "[T]he linchpin for conspiracy is agreement, which presupposes communication . . . ." Id. Here, Plaintiff does not offer any details as to how Defendants Johnson and Spires may have reached an agreement to violate his rights. However, even assuming *arguendo* that Plaintiff has sufficiently alleged that an agreement was reached, Plaintiff's conspiracy claim would still fail because he has proven no "actionable wrong." Indeed, as described in detail above, the attachments to Plaintiff's complaint demonstrate that

---

[4]While Bailey involved a case brought pursuant to 42 U.S.C. § 1983, the Eleventh Circuit has held that § 1983 law generally applies to Bivens actions as well "[b]ecause of the similarity in the causes of action . . . ." Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (citing Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (*per curiam*)).

the requirements of due process were satisfied. Thus, Plaintiff's allegations of conspiracy also fail to state a claim and should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of September, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE