# ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT

2009 DEC -2 P 12: 33

CLERK _D McCarty_

ERROL GEORGE BRYAN, JR.,       )
                               )
        Plaintiff,             )
                               )
    v.                         )      CV 309-035
                               )
STACEY N. STONE, Assistant Warden,  )
et al.,                        )
                               )
        Defendants.            )

## ORDER

After a careful, *de novo* review of the file, the Court concurs, in part, with the Magistrate Judge's Report and Recommendation, to which objections have been filed. While the majority of Plaintiff's objections are without merit, his objection regarding the partiality of the disciplinary hearing board warrants further discussion.

In his complaint, Plaintiff alleged various violations of his due process rights in connection with a disciplinary hearing that was held on June 26, 2008 at McRae Correctional Facility, where Plaintiff is incarcerated. (See generally doc. no. 7). In his Report and Recommendation, the Magistrate Judge recommended that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted. (See doc. no. 12, p. 6). In his objections, Plaintiff has now clarified his original allegations that his due process rights were violated because his disciplinary hearing was not conducted before an impartial hearing board. (Doc. no. 14, p. 3).

The Supreme Court has held that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due [an individual] in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 555 (1974) (citation omitted). However, a prisoner is entitled to an impartial hearing board. Id. at 571. In light of Plaintiff's objections clarifying his original allegations, the Court finds that Plaintiff has *arguably* stated a claim against Defendants Stone and Goodner for a violation of his due process rights, to the extent Plaintiff alleges that Defendants Stone and Goodner failed to conduct the disciplinary hearing in an impartial manner.[1]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court, as modified herein. Therefore, Plaintiff's conspiracy claim is **DISMISSED** from this case. Moreover, as Plaintiff's allegations fail to state a claim for relief against Defendants Johnson, Spires, Wheaton, Thompson, and Harris, these Defendants are **DISMISSED** from this case. However, Plaintiff may go forward with his claim against Defendant Stone and Defendant Goodner regarding the alleged violation of his due process rights during the disciplinary hearing.

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendant Stone and Defendant Goodner. The United States Marshal shall mail a copy of the complaint (doc. no. 7), and this Order by first-class mail and request that Defendants waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause

---

[1]The remainder of Plaintiff's objections are without merit and are **OVERRULED**.

2

can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). If a defendant returns the waiver in a timely fashion, he or she does not have to answer the complaint until sixty (60) days after the date the Marshal mailed the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within 120 days of the date of this Order, and a defendant not timely served may be dismissed. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendants to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or upon their attorney or attorneys if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Except for the complaint, when submitting pleadings to the Clerk of Court, parties shall provide an original and one copy. Loc. R. 5.2. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a district judge or magistrate judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by Defendants. Upon being given at least five (5) days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete

3

responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. Defendants shall ensure that Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four (4) months after the filing of the last answer of the defendants named in the complaint screened in the Report and Recommendation (doc. no. 7).

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five (25) questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing, when a party needs such materials in connection with a motion or response, and then only to the extent necessary, and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ.

4

P. 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents ($.50) per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fifteen (15) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to Defendants' motion.

A response to a motion for summary judgment must be filed within twenty (20) days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendants' statement of the facts. Should Plaintiff fail to file opposing

affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this _2nd_ day of _December_, 2009, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE