ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2011 JAN 21 PM 3: 08

DUBLIN DIVISION

| | | |
|---|---|---|
| ERROL GEORGE BRYAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-035 |
| | ) | |
| STACEY N. STONE, Assistant Warden, | ) | |
| and DARRYL GOODNER, Disciplinary | ) | |
| Hearing Officer, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At the time of the events giving rise to the above-captioned case brought pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), Plaintiff was an inmate at McRae Correctional Facility ("McRae"). The case is now before the Court on the parties' cross motions for summary judgment.[1] (Doc. nos. 51, 52.) Defendants Stone and

---

[1] As an initial matter, the Court notes that although Plaintiff filed a "Statement of Facts" and Defendants filed a "Statement of the Case" as part of their briefs, neither party has filed a separate statement of material facts as contemplated by the Local Rules. See Loc. R. 56.1 (instructing parties moving for summary judgment to attach a separate statement of material facts and explaining that "all material facts set forth in the statement . . . will be deemed admitted unless controverted by a statement served by the opposing party"). It appears from the references made to a statement of material facts in Defendants' motion for summary judgment and response to Plaintiff's motion for summary judgment that Defendants intended to file a statement of material facts. (See doc. nos. 52, 55.) However, a search of the record reveals that no such document was filed with the Court. Although the parties each failed to file a separate statement of material facts, the affidavits and other evidentiary materials submitted by the parties provide a sufficiently developed record for the adjudication of both Plaintiff's and Defendants' summary judgment motions.

Goodner responded to Plaintiff's motion, and Plaintiff likewise responded to Defendants' motion. (Doc. nos. 55, 56.) For the reasons set forth below, the Court **REPORTS AND RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED**, that Defendants' motion for summary judgment be **GRANTED**, that a final judgment be **ENTERED** in favor of Defendants, and that this civil action be **CLOSED**.

I. **FACTS**

On September 21, 2009, the Court issued a Report and Recommendation that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted. (Doc. no. 12.) Plaintiff filed an objection in which he claimed that his due process rights had been violated because his disciplinary hearing had not been conducted before an impartial decision maker. (Doc. no. 14, p. 3.) In particular, Plaintiff claimed that Defendant Stone maliciously interfered with Plaintiff's disciplinary hearing by instructing Defendant Goodner regarding what evidence should be considered and what Plaintiff's punishment should be. (Id.) The Honorable Dudley H. Bowen, Jr., United Stated District Judge, adopted the Report and Recommendation of this Court as modified to allow Plaintiff to proceed regarding his claim that Defendants Stone and Goodner violated his due process rights. (Doc. no. 15.) Therefore, the Court recounts only facts that are material to this one remaining claim.[2]

---

[2]In his motion for summary judgment, Plaintiff attempts to raise additional claims beyond his due process claim, including tort claims, allegations of conspiracy, and the timing of his initial hearing before the Unit Discipline Committee ("UDC"). (Doc. no. 51, pp. 6-7.) As explained above, Judge Bowen ruled in his adoption order that Plaintiff was limited to proceeding with his claim of the alleged violation of his due process rights based on his claims that his disciplinary hearing was not conducted in an impartial manner. (Doc. no. 15, p. 2.) Therefore, the Court will not address Plaintiff's claims that are raised in his motion for summary judgment that were not allowed to proceed by Judge Bowen.

In his complaint, Plaintiff alleges that "on or about" April 29, 2008, Lieutenant Robert Johnson conducted a search of his cell. (Doc. no. 7, p. 5.) Lieutenant Johnson then filed an incident report stating that he had found a cell phone with an earpiece and a homemade charger inside a "Dixie Crystals sugar cube box that appeared to have been opened and resealed." (Doc. no. 51, Ex. 1.) This incident report also states that Correctional Officer J. Spires, who searched Plaintiff's cell with Lieutenant Johnson, found a second box containing a second cell phone with an earpiece as well as another homemade charger. (Id.)

Special Investigative Officer Tim Wheaton also filed two incident reports regarding the search of Plaintiff's cell, the first of which states that two cell phones with earpieces, two chargers, and five packs of cigarettes were found inside two altered Dixie Crystal boxes and that Plaintiff "admitted to having possession of the said items listed above." (Id., Ex. 2.) The second report also describes the April 29th search but states that the packs of cigarettes were discovered inside a box of crackers, instead of inside Dixie Crystal boxes. (Id., Ex. 3.) Plaintiff was charged with Possession, Manufacture or Introduction of a Hazardous Tool, as well as Possession of Anything Not Authorized in violation of Codes 108 and 305 of the disciplinary regulations. (Id.)

The UDC delayed a disciplinary hearing on the charges because of an "ongoing . . . investigation," and Plaintiff was advised of the delay on May 29, 2008. (Doc. no. 51, pp. 3, 13.) On June 12, 2008, Defendant Stone sent a memorandum ("the Memo") to Defendant Goodner regarding the progression of the second incident report by Special Investigative Officer Tim Wheaton ("Incident Report"). The Memo states, in pertinent part,

> I feel that due to the severity of the inmate's alleged prohibited actions . . . the continuation of processing this incident report is warranted. The errors that have occurred in the processing of this report have not infringed upon the

inmate's right to present a defense on his behalf. As the Disciplinary Hearing Officer for this facility, proceed with the processing of this incident report.

(Doc. no. 51, Ex. D; doc. no. 52, Ex. D.)

A hearing was held on the charges listed above on June 26, 2008, with Defendant Goodner as the Disciplinary Hearing Officer ("DHO") in charge of the hearing. (Doc. no. 51, pp. 16-19 (hereinafter DHO Report); doc. no. 52, Ex. C.) The DHO Report states that Plaintiff was found guilty of the charges. (Doc. no. 51, DHO Report; doc. no. 52, Ex. C.) Plaintiff lost 40 days of good conduct time ("GCT"), was placed in disciplinary segregation for 60 days, lost his visitation and commissary privileges for 180 days and was recommended for a disciplinary transfer from McRae as punishment. (Doc. no. 51, DHO Report, p. 3; doc. no. 52, Ex. C, p. 3.) Defendant Stone states in his affidavit that these sanctions were minimal compared to the sanctions that were available. (Doc. no. 52, Stone Aff. ¶ 10.)

In his affidavit, Defendant Stone asserts that he did not suggest to Defendant Goodner how the case should be decided or what punishment should be imposed. (Id. ¶ 6.) Defendant Goodner states in his affidavit that no other person, including Defendant Stone, suggested how he should rule in Plaintiff's case. (Id. ¶ 9.) Defendant Goodner goes on to state that he based his conclusions in the DHO Report upon the evidence presented at the hearing, including that the contraband items were found in Plaintiff's cell and Plaintiff's acknowledgment that the contraband belonged to him. (Id., Goodner Aff., ¶ 8.) In his July 12, 2010 declaration, Plaintiff states that he never admitted to the possession of the cell phones and other contraband, and that no document exists with his signature where he admits to being guilty of the charges brought against him. (Doc. no. 57, p. 2.)

4

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Applicable substantive law identifies which facts are material in a given case.[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Id. at 608. Evidence presented by the movant is viewed

---

[3]The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### B. Merits of Plaintiff's Claim

Plaintiff argues that summary judgment should be rendered in his favor because Defendant Goodner was not impartial during Plaintiff's disciplinary hearing because he based his ruling and Plaintiff's punishment upon instructions from Defendant Stone. (See generally doc. no. 51.) Defendants argue that they are entitled to summary judgment because Defendant Goodner was impartial and based his decision solely on the evidence presented at the hearing. (See generally doc. no. 52.)

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. However, a prisoner facing a disciplinary hearing is still entitled to compliance with the following minimum due process protections: (1) written notice of the charges against him at least 24

hours before his hearing; (2) a written statement by the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in his defense. Id. at 563-67; see also Asad v. Crosby, 158 F. App'x 166, 172-73 (11th Cir. 2005); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999). The Supreme Court went on to rule that the disciplinary committee at issue in Wolff was impartial enough to satisfy the Due Process Clause, thus suggesting that the decision maker in a disciplinary hearing must meet some level of impartiality in order to satisfy due process. See Wolff, 418 U.S. at 570-71. The Supreme Court has since gone on to explain that adjudicators enjoy a presumption of honesty and integrity which must be overcome in order to demonstrate bias. Withrow v. Larkin, 421 U.S. 35, 47 (1975).

In addition to these procedural due process requirements, the Supreme Court has explained that the degree of proof required at a prison disciplinary hearing to satisfy due process is significantly lower than that required in a criminal prosecution. In Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445 (1985), the Supreme Court concluded that a finding that "some evidence" supports the decision of a prison disciplinary board is enough to satisfy the minimum due process requirements for prisoners facing loss of GCT:

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . ." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. [103,] 106 . . . [(1927)]. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Id. at 455-56. The Eleventh Circuit has further explained the limited judicial review that federal courts may undertake in reference to prison disciplinary actions:

7

> The federal courts cannot assume the task of retrying all prison disciplinary disputes. No de novo review of the disciplinary board's factual finding is required, but the courts must consider whether at least the decision is supported by "some facts"--"whether any evidence at all" supports the action taken by prison officials.

Young v. Jones, 37 F.3d 1457, 1460 (11th Cir. 1994) (quoting Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981)).

Judge Bowen previously ruled that the disciplinary process provided to Plaintiff in this action met the three central minimum due process requirements as outlined in Wolff. (Doc. no. 15.) Thus, the only issue in dispute here is whether Defendant Goodner was impartial in conducting Plaintiff's disciplinary hearing.

Bearing the summary judgment standard in mind, Defendants' motion for summary judgment should be granted. Drawing all reasonable inferences in Plaintiff's favor and accepting the evidence he presents as true, nothing in the record supports his claim that Defendant Goodner was not impartial during Plaintiff's disciplinary hearing. First, Defendant Goodner made his findings in the disciplinary hearing based only upon the weight of the evidence, including the contraband items that were found in Plaintiff's cell and Plaintiff's acknowledgment that the contraband belonged to him. (Doc. no. 52, Goodner Aff., ¶¶ 8-9.) Although Plaintiff disputes that he admitted owning the contraband (doc. no. 57, p. 2), the fact that the contraband was found in Plaintiff's cell is sufficient on its own to meet the "some evidence" standard set forth in Hill. Second, there is no evidence that anyone, including Defendant Stone, compromised the impartiality of Defendant Goodner's ruling in Plaintiff's case or the punishment imposed upon Plaintiff. (Doc. no. 52, Goodner Aff., ¶ 9 & Stone Aff., ¶ 6.) Third, the DHO Report (doc. no. 51, DHO Report; doc. no. 52, Ex. C) does not demonstrate any improper conduct by Defendant Goodner that would

indicate a lack of impartiality. Lastly, the sanctions that Plaintiff received were minimal in regard to the sanctions that were available. (Doc. no. 52, Stone Aff., ¶ 10.)

The only evidence that Plaintiff presents in his attempt to demonstrate bias by Defendant Goodner is the Memo from Defendant Stone instructing Defendant Goodner to proceed with the processing of Plaintiff's Incident Report because the errors that had occurred in the processing of the Incident Report had not impeded Plaintiff's ability to present a defense at the DHO Hearing. (Doc. no. 51, Ex. D; doc. no. 52, Ex. D.) Plaintiff's claim that this document somehow demonstrates that Defendant Stone directed Defendant Goodner regarding what evidence to consider and how to rule in the DHO hearing is mere speculation, and is insufficient to overcome the presumption of honesty and integrity enjoyed by Defendant Goodner in order to establish bias. See Withrow, 421 U.S. at 47; Nash v. Auburn University, 812 F.2d 655, 665 (11th Cir. 1987) (stating that bias must be evident from the record and cannot be established by mere speculation or inference). Defendant Stone sent the Memo to Defendant Goodner to express his belief that Plaintiff faced serious charges and those charges should be addressed as part of the disciplinary process. (Doc. no. 52, Stone Aff., ¶ 6.)

In sum, Defendants present evidence from multiple sources that demonstrate that Defendant Goodner acted as an impartial decision maker in Plaintiff's disciplinary hearing. However, the evidence that Plaintiff presents is insufficient to overcome the presumption of honesty and integrity enjoyed by Defendant Goodner and therefore fails to support his claim that his due process rights were violated. Furthermore, Plaintiff has not shown a genuine dispute as to any material fact with respect to his claim against Defendants Stone and Goodner. Therefore, Plaintiff's motion for summary judgment on his claim (doc. no. 51)

should be denied, and Defendants' motion for summary judgment (doc. no. 52) should be granted.[4]

## III. CONCLUSION

In sum, the Court **REPORTS AND RECOMMENDS** that Plaintiff's motion for summary judgment (doc. no. 51) be **DENIED**, that Defendants' motion for summary judgment (doc. no. 52) be **GRANTED**, that a final judgment be **ENTERED** in favor of Defendants, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of January, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]Defendants also argue that Plaintiff's claim is barred by both Alba v. Montford, 517 F.3d 1249, 1251 (11th Cir. 2008) (holding that prisoners of a privately run federal correctional facility cannot sue the employees of that facility if a viable state law remedy is available), and Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that if a judgment for a plaintiff would imply the invalidity of his conviction or sentence, then the plaintiff's claim must be dismissed unless that conviction has already been invalidated). The Court's decision on the merits pretermits consideration of Defendants' other arguments.