ORIGINAL

FILED
U.S. DISTRICT COURT

2011 FEB 10 P 1:50

CLERK _____

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ERROL GEORGE BRYAN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-035 |
| ) | |
| STACEY N. STONE, Assistant Warden, ) | |
| and DARRYL GOODNER, Disciplinary ) | |
| Hearing Officer, ) | |
| ) | |
| Defendants. ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. The Magistrate Judge recommended that Defendants' motion for summary judgment be granted and that Plaintiff's motion for summary judgment be denied. (Doc. no. 58.) In making his recommendation, the Magistrate Judge refused to consider Plaintiff's claim that his Unit Discipline Committee ("UDC") hearing was untimely. (Id. at 2 n.2.) Instead, the Magistrate Judge limited his analysis to Plaintiff's claim that his disciplinary hearing was not conducted in an impartial manner. (See generally id.)

In his objections, Plaintiff argues that the Magistrate Judge should have considered Plaintiff's claim that his due process rights were violated because his UDC hearing was not held within three days of his initial incident report. (Doc. no. 60, p. 1.) The Magistrate

Judge correctly declined to address this claim based on the previous ruling of this Court that Plaintiff was limited to proceeding in this case based upon his claim that his disciplinary hearing was not conducted in an impartial manner. (Doc. no. 58, p. 2 n.2.) Additionally, Plaintiff fails to mention in his objections that this Court previously considered Plaintiff's claim about the timing of his UDC hearing earlier in this case and rejected it as failing to state a claim upon which relief can be granted. (Doc. no. 12, *adopted by* doc. no. 15.)

Plaintiff also argues that, before a motion for summary judgment can be granted against him, he must be informed of his right to file responsive material and of the consequences of failing to do so. (Doc. no. 60, p. 2.) It is true that once a motion for summary judgment is filed, the opponent must be afforded a reasonable opportunity to counter the affidavits of the movant, Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*); however, Plaintiff was afforded such an opportunity in this case. Plaintiff was informed of his right to respond to a motion for summary judgment and the consequences of failing to do so when this Court allowed him to move forward with his claim that his disciplinary hearing was not impartial. (Doc. no. 15, p. 5.) This information was reiterated to Plaintiff when Defendants' motion to dismiss was converted to a motion for summary judgment (doc. nos. 36, 37), and subsequently when Defendants filed their motion for summary judgment which the Magistrate Judge recommended be granted (doc. no. 54). What is more, Plaintiff did in fact file a response in opposition to Defendants' motion for summary judgment. (Doc. no. 56.)

Finally, Plaintiff's argument that this Court must treat all material filed by him, including his objections, as an amendment to his complaint is off the mark. Plaintiff cites

2

Moore v. Florida, 703 F.2d 516, 521 (11th Cir. 1983) to support this contention; however, his interpretation of this case is a vast overgeneralization. In Moore, the Eleventh Circuit held that a "motion to reconsider" filed by an inmate, which contained arguments that were not asserted in his complaint, should be treated as an amendment to that complaint because the motion was filed in the early stages of the case while the inmate was allowed to amend his complaint "as a matter of course." Id. (citing Fed. R. Civ. P. 15(a)). Thus, Moore in no way supports the idea that a inmate litigant, like Plaintiff, may amend his complaint at any time by making any kind of filing he chooses. Additionally, Plaintiff's original complaint was filed nearly two years ago (see doc. no. 1) and his opportunity to amend as a matter of course has long since passed. See Fed. R. Civ. P. 15(a)(1).

In sum, Plaintiff's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motion for summary judgment (doc. no. 51) is **DENIED**, Defendants' motion for summary judgment (doc. no. 52) is **GRANTED**, a final judgment shall be **ENTERED** in favor of Defendants, and this civil action is **CLOSED**.

SO ORDERED this 10 day of February, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3